The DOMINICAN REPUBLIC and Gaston Espinal, Consul General of the Dominican Republic at New York, New York, Plaintiffs,

v.

Carlos PEGUERO, Defendant.

United States District Court
S. D. New York.

Dec. 5, 1963.

Martinez & Narral, New York City, for plaintiffs, by Antonio C. Martinez, of counsel.

Curran, Mahoney, Felix & Stim, New York City, for defendant, by Menahem Stim, New York City, of counsel.

CROAKE, District Judge.

Plaintiff Gaston Espinal, purporting to act on behalf of plaintiff Dominican Republic, moves for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to enjoin defendant from acting as consul for the Dominican Republic.

At the outset, the court is confronted with the contention of the defendant that the court lacks jurisdiction. It is his position that the only possible basis for jurisdiction is 28 U.S.C. § 1351, which provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice consuls of foreign states."

It is undisputed by the parties that Gaston Espinal and the defendant were appointed consul and vice consul, respectively, by the former Dominican regime under the presidency of Juan Bosch, and that the Government of the United States formally recognized their respective statuses as such by issuing documents known as exequaturs. It is also undisputed that the Juan Bosch regime has been deposed and eventually was replaced by the present regime which has not been recognized by the United States. There is no claim by the plaintiff that the exequatur issued to defendant has been revoked. Therefore, under the principals enunciated in Ex parte Baiz, 135 U.S. 403, 10 S.Ct. 854, 34 L.Ed. 222 (1890), and United States v. Trumbull, 48 F. 94 (S.D.Cal.1891), this court must continue to afford defendant recognition as a consular official. Accordingly, the court has jurisdiction of this action under 28 U.S.C. § 1351.

The relief sought on this motion, however, cannot be granted. It appears that recognition of the consular status of plaintiff, Gaston Espinal, has been revoked by the United States.[1] Gaston Espinal, therefore, no longer has any standing to maintain his action on behalf of the Dominican Republic. Accordingly, the motion is denied.

So ordered.

---

1. On December 3, 1963 counsel for defendant asserted and confirmed by affidavit sworn to the same day that the United States Department of State had advised the plaintiff, Gaston Espinal, by telegram that his exequatur was revoked. On that occasion, receipt of such telegram was admitted orally by counsel for plaintiff. On December 4, 1963, with permission of the court, counsel for the defendant submitted a telegram directed to him by the Department of State confirming that the foregoing action had been taken.